UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE SEOG, et al.,

      Plaintiffs,                              Civil Action No. 17-CV-12944

vs.                                     HON. BERNARD A. FRIEDMAN

CARRINGTON MORTGAGE
SERVICES, LLC, et al.,

      Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

**and**

**NOTICE OF SETTLEMENT CONFERENCE**

This matter is presently before the Court on defendants' motion to dismiss [docket entry 10]. Plaintiffs have filed a response in opposition and defendants have filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a breach of contract and wrongful foreclosure action. Plaintiffs, a married couple, allege that defendants, their mortgagee and loan servicer, failed to provide them with proper notice of foreclosure-by-advertisement proceedings, thereby breaching the terms of plaintiffs' mortgage and loan agreement, and "whipsawed" plaintiffs by offering loan modification agreements and, at the same time but without plaintiffs' knowledge, foreclosing. Plaintiffs seek damages, costs, attorney fees, and equitable relief.

The documents attached to the parties' briefs show that in 2004 Republic Bank loaned plaintiffs $166,683 in exchange for a mortgage on real property commonly known as 2021 Grange in Trenton, Michigan. Defs.' Ex. A. In 2010 the mortgage was assigned to BAC Home Loans

Servicing, L.P. ("BANA"). Defs.' Ex. B. By letter dated February 24, 2015, BANA notified plaintiffs that their "loan payment is past due and your property may be referred to foreclosure unless immediate action is taken." Defs.' Ex. C (Pg ID 203). By letter dated June 30, 2015, BANA notified plaintiffs that their loan "is in serious default" and that if the default was not cured by August 9, 2015, "the mortgage payments will be accelerated . . . and foreclosure proceedings will be initiated at that time." Defs.' Ex. C (Pg ID 207-208). By letter dated August 6, 2015, BANA notified plaintiffs that their "mortgage loan payment is past due and your property may be referred to foreclosure unless immediate action is taken." Defs.' Ex. C (Pg ID 214).

By letter dated January 10, 2017, BANA informed plaintiffs:

> You were approved and offered a trial period plan or permanent loan modification. . . . [W]e regret to inform you that you are not eligible at this time for Federal Housing Administration Home Affordable Modification Program (FHA-HAMP) Modification with Partial Claim for the following reason(s):
>
> > - You didn't make all of the required Trial Period Plan payments on time.
>
> If you believe our decision is incorrect, you have 30 calendar days from the date of this letter to contact us . . .
>
> * * *
>
> During the 30-day period in which you may contact us and provide information that you believe shows our decision is incorrect, we may begin or resume the foreclosure process and even conduct a foreclosure sale, as permitted by your loan documents and applicable law.

Defs.' Reply Ex. 1.

At a sheriff's sale on February 16, 2017, BANA bid $108,000 and obtained a sheriff's deed to 2021 Grange. Defs.' Ex. D. The deed states that "a notice was duly published and a copy

2

thereof was duly posted in a conspicuous place upon the premises described in said mortgage that the said premises . . . would be sold on 16th day of February, 2017, at a public vendue that being the place of holding the Circuit Court for Wayne County."[1]  *Id.*  However, the referenced notice, which was published in the Detroit Legal News on June 8, June 15, June 22, and June 29, 2016, stated that the sheriff's sale would take place "at 11:00 AM on July 7, 2016."  *Id.* (Pg ID 219-22).  Defendants have offered no proof that they published any notice of the date when the sheriff's sale actually took place, i.e., February 16, 2017.  The deputy sheriff appointed to make the sale avers that she adjourned the sale at BANA's request from July 7, 2016, to July 14, 2016, and then every week thereafter until February 16, 2017, and that she "posted the Notice of Adjournment before or at the time of the sale and at the place of the sale."  Defs.' Reply Ex. 2 (Pg ID 315-347).

By letter dated April 12, 2017, BANA notified plaintiffs that "[t]he servicing of your home loan will transfer to Carrington Mortgage Services, LLC on May 02, 2017."  Defs.' Ex. F. This notice stated that as of that date "the servicing of your above referenced mortgage loan will transfer to Carrington [which] . . . will support all of your loan servicing, including billing, payment processing, and customer support."  *Id.*  On May 16, 2017, BANA assigned the mortgage to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust.  Defs.' Ex. E.  This mortgage assignment was prepared by Carrington.  *Id.*  On August 7, 2017, plaintiffs commenced the instant action.  In a letter to plaintiffs dated September 19, 2017, BANA that "[w]e've received your recent home loan request and are in the process of concluding our review."

---

[1] The sheriff's deputy who conducted the sale and signed the sheriff's deed averred that she "made the sale as described in the annexed Deed pursuant to the foregoing printed notice," i.e., the notice BANA published four times in the Detroit Legal News stating that the sale would occur on July 7, 2016.  Defs.' Ex. D (Pg ID 219).

Pls.' Ex. 4.

Plaintiffs claim that defendants breached the terms of the loan and mortgage "by moving forward with a total acceleration of the debt and a default in the contract without notice as required by the contract." Am. Compl. ¶ 25. They also claim that defendants' failure to give notice "resulted in [their] loss of the right to cure the default/acceleration under the contract." *Id.* ¶ 30. In the wrongful foreclosure count, plaintiffs claim that defendants "never notified [them] of the actual sale date on February 16, 2017 (by posting or publication) as required by Michigan law." *Id.* ¶ 37. Further, plaintiffs allege that they "were lead to believe by agents of the Defendant that no sale had taken place and that they were awaiting the next stage of the modification process" and that plaintiffs did not learn of the foreclosure sale until "late summer 2017 shortly before the expiration of the redemption period." *Id.* ¶ 40.

Defendant seeks dismissal of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). In deciding a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true." *Ziegler v. IBP*

*Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Further, documents attached to the complaint are deemed to be a part thereof. *See* Fed. R. Civ. P. 10(c).

In their motion to dismiss, defendants argue that plaintiffs lack standing because they lost any interest in the property once the redemption period expired; that plaintiffs' claims are barred by the statute of frauds because agreements with financial institutions are unenforceable unless signed and in writing; that the breach of contract claims fail because defendants provided the notice required by the mortgage[2]; and that plaintiffs have not stated a wrongful foreclosure claim because defendants provided the notice required by statute and plaintiffs have not alleged "fraud or irregularity" in the foreclosure process.

The Court shall deny defendants' motion because the complaint plainly states claims for breach of contract and wrongful foreclosure. Defendants concede that under the terms of the mortgage they were required to give plaintiffs notice of default and acceleration. Defendants claim they complied, and they have produced copies of the letters they purport to have mailed to plaintiffs in February, June, and August 2015. However, plaintiffs allege (and aver in affidavits attached to their response brief) that they never received these or any other notices of default and acceleration. On a motion to dismiss, plaintiffs' allegations are accepted as true, so at this stage of the case the Court must assume that defendants did not provide plaintiffs with the required notice. Plaintiffs' breach of contract claim must be permitted to proceed.

Plaintiffs' wrongful foreclosure claim must be permitted to proceed for similar

---

[2] Defendants point to ¶ 9 of the mortgage, which states the grounds for acceleration; ¶ 13, which requires notices to borrower to be made by first-class mail; and ¶ 17, which, in the event of foreclosure, requires the lender to give notice to the borrower in accordance with ¶ 13 and to "publish and post the notice of sale."

reasons. Under Michigan's foreclosure statute, defendants were required to post notice of the foreclosure sale "in a conspicuous place upon any part of the premises described in the notice." Mich. Comp. Laws § 600.3208. Plaintiffs allege that defendants did not give "proper notice." Am. Compl. ¶¶ 29, 31. Further, plaintiffs aver that "[t]he documents attached as notice exhibits to the Defendant's motion were absolutely never attached or sent to my home." Seog Affs. ¶ 9. On a motion to dismiss, the Court must accept plaintiffs' version and assume that no posting occurred. Further, the notices defendants published in the Detroit Legal News advised that the sheriff's sale would occur on July 7, 2016, but in fact the sale occurred seven months later, on February 16, 2017. It is not apparent that plaintiffs received notice of the actual sale date. This alone compels the Court to deny defendants' motion.

Moreover, as defendants' concede, a foreclosure sale may be challenged by mortgagors who show fraud or irregularity in the foreclosure process. Defs.' Br. at 8-9. In addition to the alleged irregularities concerning the sale's notice, plaintiffs allege that defendants told them "to halt payments so that they could qualify for the various principal reduction programs and payment reductions" and then concealed the fact that the sale had occurred, thereby depriving plaintiffs of the opportunity to redeem. Am. Compl. ¶¶ 9, 39, 42. These allegations of fraud and irregularity plainly suffice to defeat defendants' motion to dismiss. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is denied.

IT IS FURTHER ORDERED that the parties appear on Wednesday, March 29, 2018, at 10:30 a.m. for a settlement conference. Both plaintiffs must personally attend. All defendants

must be represented by corporate officer(s) with full settlement authority.

Dated:  February 28, 2018              s/Bernard A. Friedman

Detroit, Michigan                        BERNARD A. FRIEDMAN

                                   SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2018.

                        s/Johnetta M. Curry-Williams

                        Case Manager